1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

KURT BENSHOOF, *et al.*,

CASE NO. C22-1281-LK

Plaintiffs,

12

v.

13

ANTHONY FAUCI, *et al.*,

14

Defendants.

ORDER DENYING MOTION FOR
EMERGENCY INJUNCTION,
DISMISSING PLAINTIFF A.R.W.,
AND GRANTING LEAVE TO
AMEND

15

16        This matter comes before the Court on Plaintiff Kurt Benshoof's "petition for declaratory

17  judgment and emergency injunction and verified claim for damages." Dkt. No. 1. For the reasons

18  below, the Court denies the motion, dismisses the claims of the minor A.R.W. without prejudice,

19  and allows Mr. Benshoof to file an amended complaint.

20                            **I.        BACKGROUND**

21        Mr. Benshoof filed a 295-page complaint with this Court alleging that Defendants, who

22  include numerous employees of the City of Seattle, King County, Washington State, and the

23  federal government, Dkt. No. 1 at 9–23, have violated his constitutional rights in family law

24  proceedings. *Id.* at 161–295. According to Mr. Benshoof, in September 2021, Jessica Owen,

A.R.W.'s mother, filed a petition to decide parentage in King County Superior Court. *Id.* at 97 (citing case No. 21-5-00680-6-SEA). The court entered a temporary parenting plan and a temporary restraining order that Mr. Benshoof claims provided him with only limited contact with his son. *Id.* at 112–113. He claims he was not allowed to speak or appear in court in person, though it appears that his attorney was allowed to speak on his behalf. *Id.* at 109. Mr. Benshoof claims that the Court entered an order limiting Mr. Benshoof's visitation with his son, *id.* at 113, and that Ms. Owen filed a second motion for an order of protection, arguing that Mr. Benshoof had violated the first order, and obtained an order precluding Mr. Benshoof from having any contact with his son. *Id.* at 151. Mr. Benshoof alleges that Ms. Owen obtained the order limiting his contact with his son after Mr. Benshoof attempted to protect his son "from ongoing medical experimentation" through COVID-19 vaccines. *Id.* at 30–31. According to Mr. Benshoof, a bench trial is scheduled in the family law matter for October 2022. *Id.* at 132.

Mr. Benshoof also claims that during the pandemic, he has been repeatedly "forced out of businesses by police and sheriffs" for refusing to wear a mask and charged with trespassing when he refused to leave. *Id.* at 53, 55. His requests for assistance from the police and state officials to resolve those issues and complaints about the child's mother have not been investigated as he requested. *Id.* at 53, 139.

Mr. Benshoof also alleges that during his prosecution in Seattle Municipal Court in multiple cases, he was prevented from entering the courthouse without a face mask, *id.* at 58, 61, 65, though he was allowed to participate via Zoom, *id.* at 152.[1] Mr. Benshoof has also filed a case

---

[1] It is unclear whether Mr. Benshoof is asserting claims based on the Seattle Municipal Court proceedings, including that court's mask mandate. *See, e.g.*, Dkt. No. 1 at 119. If so, any amended complaint must so state, explain whether the proceedings are ongoing or when they concluded, and explain why the Court should not abstain from interfering in those cases as set forth below if the proceedings are ongoing or why the matter is not moot if the proceedings have concluded.

ORDER DENYING MOTION FOR EMERGENCY INJUNCTION, DISMISSING PLAINTIFF A.R.W., AND GRANTING LEAVE TO AMEND - 2

in King County Superior Court alleging fraud against his son's mother and seeking to obtain a vehicle that he claims she wrongfully took from him. *Id.* at 122 (citing 22-2-03826-8SEA).

Mr. Benshoof seeks an injunction and asks this Court to intervene in his state court custody matter, arguing that his separation from his son is causing him irreparable harm and impairing his ability to protect his son from COVID-19 vaccines. *Id.* at 212–216. He states that he is "entitled to injunctive relief against all Defendants, to enjoin Defendants named herein this Second Cause of Action from enabling or enforcing unconstitutional Restraining Orders, Parenting Plans, mask mandates, and experimental 'vaccine' injections." *Id.* at 235.

## II.   DISCUSSION

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For that reason, "[i]f the court determines at any time that it lacks subject-matter jurisdiction" over a case, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Mr. Benshoof asserts constitutional claims under 42 U.S.C. § 1983, Dkt. No. 1 at 25, but numerous problems plague the complaint and request for emergency relief, as set forth below.

### A.   The Minor Child Is Not a Plaintiff

Mr. Benshoof claims that both he and his minor son are plaintiffs in this matter, Dkt. No. 1 at 10, but the minor has not signed the complaint and has not appeared through an attorney. Mr. Benshoof does not claim to be an attorney, and a non-attorney cannot represent other people, including their minor children, except in rare circumstances not present here. *See Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" because "it is not in the interest of

minors . . . that they be represented by non-attorneys" (cleaned up)). Accordingly, A.R.W. is not

properly before the Court, and the Court dismisses his claims without prejudice.

**B.   Mr. Benshoof's Complaint Is Deficient**

Mr. Benshoof's complaint asserts various state law claims without demonstrating that this

Court has subject matter jurisdiction over them. *See* Dkt. No. 1 at 163–164, 167–191. Nor has he

demonstrated that a private right of action exists under the criminal laws he cites, including 18

U.S.C. §§ 241, 242, 1343. *Id.* at 191–193. He cannot assert his Section 1983 claim against federal

or private actors. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 48 (1988) (a plaintiff asserting a Section

1983 claim must allege that the constitutional violation was committed by a person acting under

color of state law). And while Mr. Benshoof seeks to hold law enforcement officers liable for

failing to do more in response to his complaints about the mother of his child and private

businesses, their failure to act under those circumstances did not violate his constitutional rights.

*See, e.g., Johnson v. City of Seattle*, 474 F.3d 634, 639 (9th Cir. 2007).

In addition to those deficiencies, the complaint fails to comply with Federal Rule of Civil

Procedure 8, which mandates that a complaint include a "short and plain statement of the claim,"

Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ.

P. 8(d)(1). A complaint so confusing that its "true substance, if any, is well disguised" may be

dismissed sua sponte for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530

F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th

Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled

a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and

clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of

a complaint."); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint

which fails to comply with [Rule 8] may be dismissed with prejudice[.]"). Mr. Benshoof's 295-

ORDER DENYING MOTION FOR EMERGENCY INJUNCTION, DISMISSING PLAINTIFF A.R.W., AND
GRANTING LEAVE TO AMEND - 4

1    page complaint fails to comply with Rule 8 and is subject to dismissal on that basis. However,

2    "leave to amend should be granted if it appears at all possible that the plaintiff can correct the

3    defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (cleaned up). Accordingly, the Court

4    will allow Mr. Benshoof an opportunity to file an amended complaint to correct its deficiencies.

5    **C.     Request for Emergency Relief and Abstention**

6           Mr. Benshoof is not entitled to the emergency injunction he seeks. He has failed to file

7    proof that he has served his petition for emergency relief on any of the Defendants. *See* LCR

8    65(b)(1) ("Motions for temporary restraining orders without notice to and an opportunity to be

9    heard by the adverse party are disfavored and will rarely be granted."). The motion is denied based

10   on his failure to give Defendants notice and an opportunity to respond. Furthermore, because his

11   complaint is deficient as set forth above, Mr. Benshoof is not entitled to injunctive relief. *See, e.g.*,

12   *Padayachi v. Indymac Bank*, No. C09-5545-JF, 2010 WL 1460309, at *7 (N.D. Cal. Apr. 9, 2010).

13          Moreover, the Supreme Court has "generally direct[ed] federal courts to abstain from

14   granting injunctive or declaratory relief that would interfere with pending state judicial

15   proceedings." *Hirsh v. Justs. of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995) (citing

16   *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). A party seeking to enjoin ongoing state

17   proceedings must demonstrate that there is an applicable exception to the Anti-Injunction Act and

18   an exception to the *Younger* doctrine. *See, e.g.*, *Cook v. Harding*, 190 F. Supp. 3d 921, 934–35 &

19   n.11 (C.D. Cal. 2016) (explaining that the "Anti-Injunction Act prevents federal courts from

20   enjoining pending state court litigation unless the case satisfies a specific statutory exception.").

21   Section 1983 is an exception to the Anti-Injunction Act, *id.*, but no exception to *Younger* exists

22   here, as explained below.

23          In the absence of extraordinary circumstances, a federal court must abstain from enjoining

24   state judicial proceedings if the state proceedings (1) are ongoing, (2) implicate important state

interests, and (3) provide the plaintiff an adequate opportunity to litigate his federal claims. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). There is also "a vital and indispensable fourth element: the policies behind the *Younger* doctrine must be implicated by the actions requested of the federal court." *Id.* Mr. Benshoof claims that the state court custody matter is ongoing with a trial scheduled for October 2022, satisfying the first factor. Dkt. No. 1 at 132. Turning to the second factor, "Plaintiff's motion to enjoin state proceedings involving child custody rights undoubtedly implicates important state interests." *Burns v. Burns*, No. C20-1352-RAJ, 2021 WL 2156615, at *3 (W.D. Wash. May 27, 2021); *Cook*, 190 F. Supp. 3d at 936 ("The power of a state to determine the custody of its youngest members is unique to the state, and accordingly federal courts should abstain from interference."). "The third prong is satisfied unless state procedural law bars presentation of Plaintiff's federal claims." *Burns*, 2021 WL 2156615, at *3. Mr. Benshoof has not argued that state procedural law bars his claims or that he cannot appeal state court decisions based on constitutional concerns. *See id.* Fourth, the policies behind the *Younger* doctrine are implicated by Mr. Benshoof's request to enjoin the state court parentage and custody proceedings. *See id.* (abstaining from enjoining custody proceedings because "it is clear that this Court's involvement would enjoin state family law proceedings in a way that *Younger* disapproves."). The Supreme Court has held that "*Younger* abstention is appropriately applied to challenges to state custody and parentage proceedings." *Cook*, 190 F. Supp. 3d at 935 (citing *Moore v. Sims*, 442 U.S. 415, 423 (1979)). Therefore, all the factors weigh in favor of abstention.

"Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires *dismissal* of the federal action." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir. 1988). Because Mr. Benshoof has asserted additional claims, which are addressed above, the Court does not dismiss this action in its entirety but it

abstains from enjoining the ongoing state court proceedings and dismisses Mr. Benshoof's claims

predicated on the ongoing state court proceedings. *See* Dkt. No. 1 at 212.[2]

### III.   CONCLUSION

For the foregoing reasons, Mr. Benshoof's motion for an emergency injunction is

DENIED. Dkt. No. 1. Claims by minor A.R.W. are DISMISSED without prejudice.

Mr. Benshoof must, within thirty (30) days of the date of this Order, file an amended

complaint that provides a short, plain, and concise statement of the factual basis for each of the

claims as required by Federal Rule of Civil Procedure 8 and identifies the basis for the Court's

subject matter jurisdiction over each claim. Such amended complaint operates as a complete

substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

For that reason, any amended complaint must not cross-reference the original complaint, and must

clearly identify the defendant(s), the claim(s) asserted, the specific facts that Mr. Benshoof

believes support each claim, and the specific relief requested. If a proper amended complaint is

not filed within thirty (30) days of the date of this Order, this action will be dismissed without

prejudice.

The Clerk is directed to send uncertified copies of this Order to Mr. Benshoof at his last

known address.

Dated this 26th day of September, 2022.

*Lauren King*
_____
Lauren King
United States District Judge

---

[2] To the extent any state court proceedings are no longer ongoing, the Court notes another limitation on its jurisdiction: the *Rooker–Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." *Moore v. Cnty. of Butte*, 547 F. App'x 826, 829 (9th Cir. 2013).